IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NIRAJ SHAH<br>　　Plaintiff | §<br>§<br>§ | |
| V. | §<br>§ | C.A. NO. _4:19-cv-04430_ |
| WILMINGTON SAVINGS FUND<br>SOCIETY, FSB<br>　　Defendant | §<br>§<br>§<br>§ | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Notice is hereby given that, pursuant to 28 U.S.C. §§1332, 1441 and 1446, Defendant, Wilmington Savings Fund Society, FSB, Doing Business as Christiana Trust, Not Individually But Solely As Trustee for Pretium Mortgage Acquisition Trust as incorrectly named ("Trustee" or "Defendant"), through undersigned counsel, hereby removes this case from the 240th Judicial District Court of Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division. Defendant denies the allegations in the Complaint, and files this Notice without waiving any defenses, exceptions, or obligations that may exist in their favor in state or federal court.

### I.    INTRODUCTION AND STATEMENT OF COMMENCEMENT OF ACTION

1.     On November 1, 2019, Plaintiff, Niraj Shah ("Plaintiff") commenced this action by filing a Petition, Cause No. 19-DCV-268169 in the 240th Judicial District Court of Fort Bend County, Texas (the "State Court Action").[1] On the same date, Plaintiff obtained an ex parte temporary restraining order seeking to preclude foreclosure by Defendant for 14 days.[2] Defendant filed an answer to Plaintiff's Complaint on November 11, 2019, in the State Court

---

[1]    See Plaintiff's Original Petition (the "Complaint"), Exhibit C-1.
[2]    See TRO, Exhibit C-2.

20130376.20190818/3396915.1

Action.[3] Pursuant to 28 U.S.C. § 1446(b) of the Federal Rules of Civil Procedure, this Notice of Removal is timely filed within thirty days of service on Defendant of the initial state court pleading. This action relates to Plaintiff's attempt to prevent a foreclosure sale occasioned by a loan in default.

## II.  PLEADINGS AND NOTICE TO STATE COURT

2. True and correct copies of all process and pleadings in the State Court Action are being filed along with this Notice of Removal. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal is being served on Plaintiff and filed in the State Court Action.

## III.  STATEMENT OF STATUTORY BASIS FOR JURISDICTION AND VENUE

3. This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. §1332(a)(1). That statute provides, in pertinent part, that "the district courts shall have the original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

4. Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district. As discussed in detail below, this action satisfies the statutory requirements for diversity of citizenship jurisdiction.

## IV.  DIVERSITY JURISDICTION

### A.  Citizenship of the Parties

5. This civil action involves a controversy between citizens of different states. According to Plaintiff's Complaint, Plaintiff resided in and was and is domiciled in Fort Bend County, Texas at all material times and is therefore a citizen of Texas for diversity purposes.[4]

---

[3]  See Defendant's Answer, Exhibit C-4.
[4]  See Complaint at ¶ 2.

2

6. Defendant Trustee is not a citizen of Texas. When determining citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust.[5]

7. Wilmington Savings Fund Society, FSB, is a federal savings bank chartered under the laws of the United States. Wilmington's home office is located in Delaware, and therefore it is a citizen of Delaware for diversity purposes.[6]

8. Because Plaintiff is not a citizen of the same state as Defendant, the parties are completely diverse.[7]

### B. Amount in Controversy

9. This case places an amount in controversy that exceeds the $75,000 threshold. The property securing the loan at issue is identified by its address of 2515 Willow Springs Lane, Sugar Land, Texas 77479 (the "Property").[8] Per the Fort Bend County Appraisal District, the tax appraised value of the collateral at issue for 2019 is no less than $221,310.00.[9]

10. Among other things, the Complaint purportedly seeks injunctive relief seeking to preclude Trustee from exercising its contractual and legal right to foreclose on the Property which serves as collateral for first lien indebtedness owed to Trustee.[10]

11. In this case, it is apparent from the Complaint that the jurisdictional threshold is satisfied by the request for injunctive relief pertaining to the subject loan and Property.

12. Federal jurisdiction can be established by facts alleged in the petition for removal that support a conclusion that the amount in controversy requirement is satisfied.[11] "In actions

---

[5] *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980).
[6] See 28 U.S.C. § 1446(x).
[7] See 28 U.S.C. § 1332(a); *Wis. Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998).
[8] See Complaint at ¶ 4.
[9] See Exhibit D.
[10] See Complaint at ¶¶ 41-46 and Prayer.
[11] *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. Appx. 62, 66, 2010 WL 445470, 2 (5th Cir. 2010) (unpublished) (citing *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003)).

20130376.20190818/3396915.1

seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[12]

13. "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[13] "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[14] Also, where a party seeks to quiet title or undo a foreclosure, the object of the litigation is the property at issue and the amount in controversy is measured by the value of the property.[15]

14. Plaintiff filed this action for the purpose of precluding foreclosure and seeks injunctive relief precluding foreclosure.[16] In addition to seeking unspecified money damages, based on the foregoing the amount in controversy requirement for diversity jurisdiction is met.

## V.  JURY DEMAND

Plaintiff has made no known jury demand in the State Court Action.

## VI.  CONCLUSION

For the foregoing reasons, Defendant asks the Court to remove this suit to the United States District Court for the Southern District of Texas, Houston Division.

---

[12] *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977).
[13] *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).
[14] *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983).
[15] See *Berry v. Chase Home Fin., LLC*, 2009 WL 2868224, at *2 (S.D. Tex. August 27, 2009).
[16] See Complaint Generally and Prayer.

4

Respectfully submitted,

HIRSCH & WESTHEIMER, P.C.

By: /s/ Michael F. Hord Jr.
Michael F. Hord Jr.
State Bar No. 00784294
Federal I.D. No. 16035
Eric C. Mettenbrink
State Bar No. 24043819
Federal I.D. No. 569887
1415 Louisiana, 36th Floor
Houston, Texas 77002
(713) 220-9182 Telephone
(713) 223-9319 Facsimile
mhord@hirschwest.com
emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

On this 11th day of November 2019, I hereby certify that a true and correct copy of the foregoing Notice of Removal was served as follows:

Erick DeLaRue
Law Office of Erick DeLaRue, PLLC
2800 Post Oak Boulevard, Suite 4100
Houston, Texas 77056
**Via Email and U.S. Regular Mail**

/s/ Michael F. Hord Jr.
Michael F. Hord Jr.