IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NIRAJ SHAH         Plaintiff | § § § | |
| VS. | § § | C.A. NO. 4:19-cv-04430 |
| WILMINGTON SAVINGS FUND SOCIETY, FSB         Defendant | § § § § | |

## JOINT DISCOVERY-CASE MANAGEMENT PLAN

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order for Conference and Disclosure of Interested Parties , Defendant, Wilmington Savings Fund Society, FSB, ("**Trustee**" or "**Defendant**"), and Plaintiff, Niraj Shah ("**Plaintiff**") hereby respectfully submit this Joint Discovery/Case Management Plan:

1. State when the conference of the parties required by Rule 26(f) was held, and identify the counsel who represented each party.

   The initial meeting between the parties was conducted by telephone and email on January 30, 2020 between Michael Hord, attorney for Defendant, and Erick DeLaRue, attorney for Plaintiff.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   None.

3. <u>Briefly</u> describe what this case is about.

   Plaintiff, a borrower under residential mortgage, has alleged causes of action for declaratory relief, breach of contract, violations of the Texas Property Code, suit to quiet title, and violations of Section 12.002 of the Texas Civil Practice and Remedies Code. Plaintiff's claims are set forth in more detail in his Complaint. Defendant denies Plaintiff's allegations both legally and factually.

4. Specify the allegation of federal jurisdiction.

   Diversity of Citizenship.  No party has challenged jurisdiction.

5. Name the parties who disagree and the reasons.

   None.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   None known at this time.

7. List anticipated interventions.

   N/A.

8. Describe class-action issues.

   N/A.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   The parties agree to make their Rule 26(a) Disclosures by February 10, 2020.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

       The parties have agreed that all discovery will be produced in paper or PDF form. No changes should be made to the time, form or requirements of Rule 26(f).

    B. When and to whom the plaintiff anticipates he may send interrogatories.

       Plaintiff anticipates sending interrogatories to Defendant by April 27, 2020.

    C. When and to whom defendant anticipates it may send interrogatories.

       Defendant anticipates sending interrogatories to Plaintiff by April 27, 2020.

    D. Of whom and by when the plaintiff anticipates taking oral depositions.

       If Plaintiff takes depositions, it would be of a corporate representative for Defendant. Any such depositions will be taken by April 29, 2020.

    E. Of whom and by when the defendant anticipates taking oral depositions.

       If Defendant takes depositions it would be of Plaintiff. Any such depositions will be taken by May 29, 2020.

2

F. When the Plaintiff (or party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Experts are not anticipated other than potentially on attorney's fees.

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Experts are not anticipated.

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Experts are not anticipated.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Plaintiff and Defendant are in agreement with this Plan.

12. Specify the discovery, beyond initial disclosures, that has been undertaken to date.

None.

13. State the date the planned discovery can reasonably be completed.

The Parties anticipate that discovery should be completed by June 29, 2020.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

Defendant is opposed to mediation in this action and settlement possibilities are limited from Defendant's perspective based on the status of the loan. The parties are open to discuss alternatives and the parties have and will continue to engage in a discussion of possible workout options for the subject loan.

Plaintiff believes that mediation may be effective.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

The parties have engaged in discussion of the issues through their attorneys as to factual matters and will continue to engage in discussions regarding possible workout options for the subject loan.

20170194.20190919/3450307.1

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that reasonably suitable.

    Defendant is opposed to mediation.  Plaintiff remains open to mediation.

17. Magistrate judges may now hear jury and nonjury trials.  Indicate the parties' joint position on a trial before a magistrate judge.

    The parties do not agree to have a trial by Magistrate.

18. State whether a jury demand has been made and if it was made on time.

    No jury demand has been made.

19. Specify the number of hours it will likely take to present the evidence in this case.

    Plaintiff and Defendant believe that no more than 16 hours' time will be needed in this matter.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    None.

21. List other motions pending.

    None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference

    N/A.

23. Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for the original and any amendments.

    Defendant filed its Disclosure of Interested Parties on November 22, 2019.
    Plaintiff will file his Disclosure of Interested Parties by February 10, 2020.

24. List the names, bar numbers, addresses, and telephone numbers of *all* counsel.

Eric DeLaRue
Texas Bar No. 24103505
Law Office of Erick DeLaRue, PLLC
2800 Post Oak Boulevard, Suite 4100
Houston, Texas 77056
(713) 899-6727 Telephone
Erick.delarue@delaruelaw.com

**ATTORNEYS-IN-CHARGE FOR PLAINTIFF**


Michael F. Hord Jr.
Texas Bar No. 00784294
Federal I.D. No. 16035
Eric C. Mettenbrink
State Bar No. 24043819
Federal I.D. No. 569887
Hirsch & Westheimer, P.C.
1415 Louisiana, 36th Floor
Houston, Texas 77002(713) 220-9182 Telephone
(713) 223-9319 Facsimile
mhord@hirschwest.com
emtttenbrink@hirschwest.com

**ATTORNEYS-IN-CHARGE FOR DEFENDANT**


/s/ Erick DeLaRue                                      02/05/2020
Erick DeLaRue, Counsel for Plaintiff           Date


/s/ Michael F. Hord Jr.                                02/052020
Michael F. Hord Jr., Counsel for Defendant   Date